NO. 07-05-0271-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 12, 2006

_____

JUSTIN SHAMIRE WHITE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 44,526-A; HON. HAL MINER, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Justin Shamire White appeals his conviction for murder. Through six issues, he contends that the evidence was legally and factually insufficient to establish that he intended to kill the victim, fired the handgun that caused the victim's death, or possessed the gun that cause the death. We overrule the issues and affirm the judgment.

The jury was instructed that it could find appellant guilty of murder if it found that he 1) intentionally or knowingly caused the death of David Berliner, Jr. (Berliner) by shooting

at him, 2) caused the death of the victim by intending to cause the death of Bobby Hill or Jerry Hill and by shooting either one of them thereby causing the death of Berliner, or 3) intentionally or knowingly committed an act clearly dangerous to human life by discharging a firearm while in the course of committing deadly conduct. Furthermore, the evidence of record depicted that a fight occurred at a night club attended by appellant. Appellant was then seen waving either a .380 or 9mm handgun in the air. Both the club's bouncer and manager apprehended appellant, moved him to the front door, and tossed him from the establishment. Within seconds of their doing so, three to five gun shots were heard. Furthermore, a bullet of a caliber akin to a .380 struck the outside of the front door (*i.e.* the door through which appellant had just been removed). The door was purportedly made of steel. Next, Berliner was found lying outside on the ground within feet of that door. He had been shot in the head. The caliber of the bullet that struck him was .380.

Shortly after the shots were fired, appellant approached a vehicle that was leaving the club. He entered it with gun in hand and told the occupants that he thought he had just shot either the club's bouncer or manager.

The investigating officers found five empty .380 caliber shell casings on the ground in front of the club. One casing lay adjacent to Berliner. Two live rounds were also found on the ground; they were of 9mm caliber. However, testimony indicated that a 9mm firearm was capable of firing .380 caliber rounds.

While evidence of record indicated that gun shots often rang out as patrons of the club left, no one saw a weapon other than that possessed by appellant. Nor is there evidence that any of the other 100 plus patrons at the bar had or fired a weapon. And, concerning the 9mm rounds found on the ground, no one could assess the length of time

2

they had been there. In other words, they could have been dropped by someone long before the shooting.

Given the evidence of 1) a fight within the bar, 2) appellant's possession and display of a .380 or 9 mm handgun, 3) appellant's physical removal from the club, 4) the temporal proximity between appellant's removal and the shots being fired, 5) the similarity in caliber between appellant's handgun and the shells found on the ground, the bullet hole in the front door, and the bullet which killed Berliner, 6) appellant's comment that he believed that he had just shot one of the two individuals that physically removed him from the club, 7) an expended .380 caliber shell lying next to Berliner, and 8) the absence of any other weapon sightings at the time, we conclude that the jury had some evidence upon which to conclude beyond reasonable doubt that appellant intentionally killed Berliner or killed him while intending to shoot and kill either the club bouncer or manager. That evidence, when compared to the entire record, was neither weak nor overwhelmed. Nor does the controverting evidence cause us to question the integrity of the jury's verdict given appellant's statement and possession of the sole gun seen.

In short, the jury's verdict is supported by both legally and factually sufficient evidence. And, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.